Case Management Checklist

Case Name and Number
*Diversified Observation, LLC v. Oki Data Americas, Inc.*,
C.A. No. 17-1408-LPS-CJB

Counsel

| | |
|---|---|
| Lead Counsel - Plaintiff | Richard C. Weinblatt |
| | Stamoulis & Weinblatt LLC |
| Delaware Counsel - Plaintiff | same |
| Lead Counsel – Defendant | John W. Shaw |
| | Shaw Keller LLP |
| Del. Counsel – Defendant | John W. Shaw |
| | Shaw Keller LLP |

Meet and Confer

Counsel have met and conferred and have made good faith efforts to discuss, in person and/or by telephone, each of the topics listed in the Checklist below, and will be prepared to address these topics at the Case Management Conference ("CMC").

Discovery

- What are the core technical documents?

    The parties agree that the core technical documents are the documents as described in the Default Standard for Discovery.

- Does any party intend to request production of electronic mail?  If so, why?  How many custodians should be searched?  What methods will be used to search for electronic documents (e.g., key word searches, predictive coding)?

    The parties agree that no email will be produced in the first instance.  After document production is complete, the parties will assess whether additional electronic discovery is required and meet and confer, if required, to determine the extent to which targeted email discovery is required and whether the Paragraph 3 disclosures of the Default Standard are required.

- How can the Court best assist the parties to provide meaningful interrogatory responses to avoid discovery disputes over the adequacy of such responses?

    The parties agree that standard Delaware practice should govern the litigation.

- If source code is going to be produced, when, where and how will it be made available?

    Plaintiff is assessing whether source code will be requested.

- Other issues.

    Defendant notes Plaintiff reports that it did not acquire documents created by the inventors of any of the patents-in-suit. Plaintiff does not believe this is an issue that currently requires the Court's attention.

Claim Construction

- What are the 1 or 2 most important claim terms requiring construction?

    Plaintiff believes there are not one or two "most important claim terms" requiring construction.

    Defendant believes the term "optical means" is potentially dispositive of the asserted '133 patent

- Should the court consider a "super-early" limited claim construction hearing on those most important terms?

    Not in this litigation.

- What is the maximum number of claim terms the parties will ask the Court to construe?

    The parties cannot assess this question until they review each other's contentions – whether it be infringement (including the identification of accused products), non-infringement, validity or invalidity contentions.

- How can the parties help the Court achieve its goal of ruling on claim construction disputes within 60 days of the claim construction hearing?

    Plaintiff believes that the number of claim terms to be construed should be limited. Plaintiff also believes that providing sufficient spacing in any scheduling order between the deadline for exchanging proposed claim constructions between the parties and the deadline to file the Joint Claim Construction Chart to promote negotiation of definitions may facilitate the goal of having fewer claim terms to construe.

    Defendant believes that narrowing the number of asserted claims before claim construction will lead to a more manageable process. Defendant agrees that limiting the number of claim terms should come from limiting the number of asserted claims, rather than imposing an artificial limit on legitimate disputes. Absent such restraint in the number of asserted claims, it is not infrequent that legitimate claim construction disputes are not resolved before trial.

Narrowing the Case

- At what point(s) in the case will it be appropriate to limit/reduce the number of accused devices/functionalities, asserted patents, asserted claims, invalidity defenses (including obviousness combinations), and prior art references?

    Plaintiff believes that narrowing the numbers of asserted claims and prior art references should occur before expert discovery commences and after expert discovery is complete. Defendant concurs.

    Defendant further believes that narrowing the number of asserted claims before claim construction begins will materially aid the parties and the Court in having meaningful claim construction briefing.

- Are there products that are not colorably different than the currently-accused products that Plaintiff expects or Defendant should expect will be added to the case?

    Plaintiff indicated that it may identify additional accused products when it identifies the accused products as provided by the Default Discovery Standard. Plaintiff identified exemplary instrumentalities in its Complaint; Plaintiff believes Defendant knows which of its other instrumentalities are substantially similar and Defendant should expect those other instrumentalities to be included in the case. Defendant contends that it is the plaintiff's burden to identify the accused products in accordance with the case law.

- Should damages or any other portion of the case be bifurcated?

    Plaintiff does not believe any portion of the case should be bifurcated.

    Defendant believes that bifurcation of damages may be appropriate for the reasons set forth in the discussion of related cases below.

Related Cases

- What related cases are pending, in any Court, and what is their filing date and current status?

    Defendant believes this matter may be related to *Seneca IP Licensing LLC v. Oki Data Americas, Inc.*, C.A. No. 18-057-LPS-CJB (filed October 6, 2017) and to *OpenPrint LLC v. Oki Data Americas, Inc.*, C.A. No. 17-1075-GMS (filed August 3, 2017). This matter was filed October 7, 2017. The *Seneca* Scheduling Order and Checklist will be filed on the same day as the Checklist and Scheduling Order in this action. The *OpenPrint* proposed scheduling order is under submission, along with a motion to dismiss each of the asserted patents for failure to satisfy 35 U.S.C. §101. If the cases are related, it may impact the three trial presentations.

>> Plaintiff contends there are no related cases because patents in these matters are unrelated and are asserted by different legal entities having different owners.

- Does Plaintiff plan to file additional related cases and, if so, on what schedule and how should that plan affect how this case will proceed?

    Plaintiff believes there is additional infringement of the asserted patents and currently is investigating.

- Has any patent-in-suit been litigated before and how soon is Plaintiff willing to produce the results of any such litigation, including settlement agreements?

    Plaintiff has asserted these patents in two other litigations, both of which have settled. Plaintiff agrees to produce the settlement agreements after the parties enter into a protective order. In the meantime, plaintiff is securing any needed authorizations to produce these settlement agreements, so that such authorizations will not cause delay once a protective order is entered by the Court.

Remedies

- What initial revenue/sales information does Plaintiff need to assess the value of the case and how soon is Defendant willing to produce such information?

    Plaintiff is seeking damages information typical in cases such as this one. Defendant is willing to produce such information in due course.

- What type of relief is Plaintiff seeking: lost profits, reasonable royalties, injunction, and/or any other form of relief?

    Based on the current case law, the remedy plaintiff is seeking is a reasonable royalty.

- What does Plaintiff contend is the "smallest saleable unit"?

    The accused device.

- Has the patent been licensed or offered for any license and how soon is Plaintiff willing to produce licensing information?

    Plaintiff has licensed the asserted patents. Plaintiff does not know whether any of its assignors have done so. Plaintiff agrees to produce any licenses after the parties enter into a protective order. In the meantime, plaintiff is securing any needed authorizations to produce any such agreements, so that such authorizations will not cause delay once a protective order is entered by the Court.

4

Amendments

- What will be the deadline for proposed amendments to the pleadings, including adding allegations of indirect and/or willful infringement as well as inequitable conduct?

    *See* Scheduling Order.

- What will be the deadline for adding or altering the accused devices/functionalities, asserted claims, and prior art?

    *See* Scheduling Order.

Supplementation

- Will expert declarations/affidavits be permitted to be filed with case-dispositive and other motions, without other parties' agreement or leave of Court?

    *See* Scheduling Order.

- What will be the deadline for supplementing infringement, invalidity, damages, and other contentions?

    *See* Scheduling Order.

Protective Order

- Are there any reasons this case requires provisions that are not typical of the protective order generally entered in this Court's patent cases?

    No.

Motions to Dismiss/Transfer/Stay

- Have any of these motions been filed and/or does any party anticipate filing such a motion?

    No.

- Will the parties consent to magistrate judge jurisdiction at least for the limited purpose of resolving these motions?[1]

    N/A.

- Should discovery and other exchanges of information (e.g., Default Standards ¶ 4 disclosures) be stayed during pendency of these motions?

---

[1] The identity of any party or parties declining to consent should not be disclosed to the Court at any point, only the fact that there is not unanimous consent.

5

N/A.

Motions for Summary Judgment

- Are there any motions that are potentially fully case dispositive – or that would be dispositive of such a significant portion of the case that its resolution would greatly enhance the likelihood of a cost-effective pre-trial disposition – and that the parties agree the Court should hear early?

    Neither party makes any application in this regards.

- If the Court is to hear any early summary judgment motion, which, if any, other parts of the case should be stayed?

    Neither party makes any application in this regards.

- If the Court is to hear any early summary judgment motion, what is the moving party going to give up (e.g., the opportunity to file a motion on the same subject matter later in the case)?

    N/A.

Other Matters

- Are any post-grant review procedures underway or planned that might affect the manner in which this case should proceed?

    No post-grant review procedures are underway or planned at this time.

- Would the Plaintiff be willing to stipulate to a maximum damages figure in exchange for restrictive discovery and an accelerated trial date?

    No.

- How soon can this case be ready for alternative dispute resolution?

    After claim construction.

Scheduling

Address each matter listed in the Revised Patent Form Scheduling Order and submit, along with this Checklist, a joint proposed scheduling order, clearly identifying points of disagreement.