IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVERSIFIED OBSERVATION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 17-1408-LPS-CJB |
| | ) |
| OKI DATA AMERICAS, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>STIPULATED PROTECTIVE ORDER</u>**

Pursuant to the stipulation and agreement by and between Plaintiff Diversified Observations LLC ("Plaintiff") and Oki Data Americas, Inc., ("Defendant") (collectively, the "Parties"), the terms and conditions of this Stipulated Protective Order (the "Order") shall govern the handling of all information in whatever form exchanged by the Parties, and it is hereby ORDERED as follows:

1. This Order shall apply to and govern the handling of all documents, answers to interrogatories, responses to requests for admission, deposition testimony, exhibits, affidavits, briefs, reports and all other information, including all copies, transcripts, excerpts, compilations, abstracts and summaries thereof (collectively "Material") disclosed by any Party or a third party in connection with discovery or otherwise in the above-captioned action (the "Action").

2. Any Party or third-party may designate as "CONFIDENTIAL" any Material it produces, discloses, or files during or in the course of discovery or other proceedings in the Action which it (the "Producing Party") in good faith believes contains sensitive commercial, technical, financial, or business information that is not publicly known or that the Producing Party would not normally reveal to third parties or would require third parties to maintain in

confidence; and may designate as "ATTORNEY'S EYES ONLY" any such material that it deems extraordinarily sensitive, including but not limited to documents relating to trade secrets or other proprietary business, technical, financial or personal information, its current and future business plans, and the way it does business.  To the extent Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."  The Material so designated shall also render as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE, as applicable, any copies, excerpts, summaries or other disclosure of the substance or contents of such Material (collectively, "DESIGNATED MATERIAL").

3. DESIGNATED MATERIAL shall be used by the recipient thereof (the "Receiving Party") only for purposes of the Action in which the DESIGNATED MATERIAL is disclosed (including appeals) and not for any business, commercial or competitive purpose, or any other purpose whatsoever, and shall not be disclosed, made available or communicated in any way to any persons or entities other than as provided in paragraphs 4, 5, and 6 below.  Notwithstanding the foregoing, in the event the Receiving Party in good faith believes that DESIGNATED MATERIAL is relevant and necessary to an action other than the Action in which the DESIGNATED MATERIAL was disclosed, the Receiving Party shall so advise the Producing Party. Thereafter, the Receiving Party and Producing Party agree to negotiate in good faith regarding the use of the subject DESIGNATED MATERIAL in the other Action.  In the event the Receiving Party and Producing Party cannot come to an agreement regarding the requested use of the DESIGNATED MATERIAL, the Receiving Party may present the dispute to the Court for a determination that the DESIGNATED MATERIAL may be used in such other action.  The

Receiving Party shall continue to treat the DESIGNATED MATERIAL in accordance with the designation and this paragraph unless and until the Court orders otherwise, or the Producing Party consents.

4. Information designated as CONFIDENTIAL may, for purposes of the Action, be disclosed by the Receiving Party only to the following:

(a) Outside counsel of record for the Producing and Receiving Parties in the Action in which the DESIGNATED MATERIAL is disclosed, including partners, counsel, associates, and other employees of outside litigation counsel assigned to and reasonably necessary to assist such counsel in the litigation of that Action, provided that each attorney receiving such material has appeared in this litigation;

(b) Up to one person in the legal department for the Producing and Receiving Parties in the Action in which the DESIGNATED MATERIAL is disclosed, who either has responsibility for making decisions dealing directly with the litigation of that Action, or who is assisting outside counsel in the litigation of that Action, and employees assigned to and reasonably necessary to assist such counsel in the litigation of that Action, provided that each person permitted access under this provision signs the undertaking attached under Exhibit A;

(c) Outside consulting and trial experts retained by counsel for the Producing and Receiving Parties for purposes of the Action in which the DESIGNATED MATERIAL is disclosed, provided that (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) prior to disclosure, such persons sign a confidentiality undertaking in the form attached hereto as Exhibit A; (3) the person is not a competitor of the Producing Party or a director, officer, shareholder, employee or consultant of the Receiving Party or of a competitor of the Producing Party; and (4) the signed confidentiality undertaking is served upon the Producing Party with the following materials:

    i. a current curriculum vitae of the consultant or expert, identifying the consultant's or expert's current employer;

    ii. a list of all cases in which the consultant or expert has testified in deposition or at trial in the past four (4) years; and

3

      iii.    a list that identifies each person or entity for which the consultant or expert has consulted and the general subject matter of that work during the last four (4) years (subject to any confidentiality obligations that may exist as to such consulting, as to which the consultant or expert shall exercise reasonable efforts to obtain permission to disclose at least the industry segment and general subject area of the technology).

The materials identified at 4(c)(i)-(iii) shall be served at least fourteen (14) days before access to the DESIGNATED MATERIAL is to be given to that consultant, so that the Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of DESIGNATED MATERIAL to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may seek relief from the Court within twenty-one (21) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. If a dispute is raised, the Parties shall comply with Paragraph 8(g) of the Scheduling Order entered by the Court. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(d) Employees of the Producing Party who produced the Material and who are entitled to see the information as part of the scope of their employment duties, as well as the supervisors of such employees, and those individuals reflected as having seen or authored the Material;

(e) Outside photocopy, imaging, database, graphics, e-discovery and design services retained by the persons listed in (a) above, to the extent necessary to assist such counsel in this litigation;

(f) Court reporters, videographers, and professional jury or trial consultants employed in connection with the Action to whom disclosure is reasonably necessary and who have signed Exhibit A;

(g) Any mediator who is assigned to the Action, and the mediator's staff;

(h) The Court and its personnel; and

(i) Mock jurors who have signed Exhibit A.

4

5. Information designated as ATTORNEY'S EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE may be disclosed by the Receiving Party only to the persons listed in paragraphs 4(a) and 4(c)-(h).

6. For DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

    a. Access to a Party's Source Code Material shall be provided only on "standalone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer"). The Source Code Computer may be connected to a printer and shall be equipped to print Source Code Material onto production numbered paper labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," which shall be provided by the Producing Party. The Receiving Party shall print onto such paper all pages of Source Code Material that the Receiving Party may wish to take possession of, subject to the other provisions of paragraph 6. Additionally, the Source Code Computer may be located at the offices of the Producing Party's outside counsel in a country where the source code is kept and maintained in the ordinary course of business. The Producing Party need not produce executable code absent agreement by the Parties or by further Court order;

    b. In order to verify that its Source Code Material has not later been altered, the Producing Party may benchmark the Source Code Material before it is provided, but shall not install any keystroke or other monitoring software on the Source Code Computer and shall not configure its Source Code in a manner that unreasonably impedes or slows the Receiving Party's ability to inspect the Source Code;

    c. The Producing Party's outside counsel shall make reasonable efforts to accommodate the Receiving Party's requests for review. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m.; provided that the Receiving Party shall provide at least seven (7) days' notice prior to the first request for access, and at least three (3) business days' notice for each subsequent request unless the parties agree to a shorter period of time. However, if a review of the source code is taking place and the Receiving Party requests the review continue to take place on the subsequent business day, the Producing Party agrees to make reasonable efforts to make the stand-alone computer available. The Parties agree to cooperate in good faith such that maintaining the Producing Party's

        Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

d. Recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, computers, PDAs, landline or cellular telephones, smartphones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry® devices, or Dictaphones) shall not be permitted inside the secure room containing the Source Code Computer;

e. The Receiving Party's outside counsel and/or outside consultants or experts shall be entitled to take notes relating to the Source Code Material. Such notes shall themselves thereafter be deemed "Source Code Material" and treated as RESTRICTED CONFIDENTIAL SOURCE CODE for all purposes and provisions herein, except that the Receiving Party's outside counsel and/or outside consultants or experts may keep the original of such notes (but such originals shall be subject to all restrictions placed on copies in the possession of the Receiving Party included within this Protective Order);

f. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer in order to access the produced Source Code Material on the Source Code Computer;

g. The Producing Party will produce Source Code Material in computer searchable format on the Source Code Computer as described above. The Producing Party shall install commercially available software tools requested by the Receiving Party sufficient for viewing and searching Source Code Material on the secure computer(s) containing Source Code by the requested date and time of inspection, provided, however, that such software tools are in compliance with all of the terms, conditions, and protections herein. Software tools may include, but are not limited to, Eclipse, Microsoft Visual Studio, Visual Slick Edit, Source-Navigator, PowerGrep, ExamDiff Pro, Understand, Notepad++, Windows GREP, dtSearch, Beyond Compare, Crimson Editor, and similar programs. The Producing Party's consent to the installation of software tools shall not be unreasonably withheld so long as the Receiving Party provides a valid license to the software requested. At least seven (7) days in advance of the first inspection, the Receiving Party must provide the Producing Party with such requested software tool(s) either via a CD or DVD containing such software tool(s) or directions for downloading the software tool(s). The Producing Party shall attempt to install the software tools using the provided license on the stand-alone computer(s) by the requested date and time of inspection and shall

      immediately notify the Receiving Party if the software tools are unable to be installed and inform the Receiving Party of the reason why the software tools were unable to be installed. In no event shall the Receiving Party use said software tools to compile the source code or otherwise attempt to execute the source code.

h. Access to DESIGNATED MATERIAL designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three outside consultants or experts [1] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such DESIGNATED MATERIAL pursuant to paragraph 4(c) above. A Receiving Party may only include excerpts of Source Code Material that are reasonably necessary for the purposes for which such part of the Source Code Material is used in any pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or drafts of these documents provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

i. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

j. No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

k. No more than two hundred fifty (250) pages of Source Code Material for each software release may be in printed form in the Receiving Party's possession at any one time. The Receiving Party may request to print additional pages beyond the aforementioned limits and the Parties will

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

        meet and confer in good faith regarding such a request. The Producing Party shall retain a copy of the printouts provided to the Receiving Party. The Receiving Party shall be permitted to print the folder structures containing the Source Code Material, including the filenames contained therein. Such printout of the folder structure shall be clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and such printout shall not count against the aforementioned page limits. Notwithstanding the foregoing, should the Receiving Party and Producing Party agree that a source code file is missing or incomplete, the Receiving Party may request paper copies of the missing or incomplete portion of the source code file, up to a total of 25 pages or a higher number as agreed by the parties.

l.     The Producing Party shall Bates number, copy, and label "RESTRICTED CONFIDENTIAL SOURCE CODE" any pages printed or requested for printing by the Receiving Party. All printouts shall be provided to the Receiving Party within seven (7) days, unless the Producing Party has a good faith belief that the volume or content of the printed portions of the Source Code Material are not reasonably necessary to any case activity. The Producing Party will provide the Receiving Party written notice of any such objection and a reasonable description of the basis for such objection within this seven (7) day period. The Producing Party and the Receiving Party shall meet and confer regarding any such objection within five (5) days of the written notice of the objection. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of the dispute within five (5) days of the conclusion of the meet and confer process. The parties shall apply to the Court for relief in accordance with Paragraph 8(g) of the Scheduling Order, but the Producing Party shall not oppose a request by the Receiving Party for expedited briefing and resolution of any such objection (i.e., response brief due no later than five days after the Producing Party files a motion seeking such Court resolution and a reply brief due no later than three days after the response brief is filed). The disputed pages may not be used in any manner until all such objections are resolved by agreement or Court order;

m.     The Receiving Party shall be permitted to make up to five (5) photocopies of Source Code Material, excluding copies used at depositions, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of any such photocopies, which will be provided to the Producing Party upon request. For purposes of clarification, and without limiting the foregoing, the Receiving Party may not create, use, access, or receive electronic images, photographic images, or any other images, of the Source Code Material made from

        paper copy; the paper copy may not be converted into an electronic document; and the paper copy may not be scanned using optical character recognition technology;

n.     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

o.     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 6(h) above to another person authorized under paragraph 6(h) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Notwithstanding the foregoing, and provided the appropriate designation is used, certain work product derived from Source Code Material may be electronically transmitted, including only claim charts, expert reports, propounded discovery and responses, written submissions to the court, pleadings, and drafts thereof;

p.     Images or copies of Source Code Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except as to the extent permitted herein;

q.     Other than as provided in paragraph 6, the Receiving Party will not copy, remove, or otherwise transfer any Source Code Material from the Source Code Computer, including without limitation, copying, removing, or transferring the Source Code Material onto any other computers or peripheral equipment;

r.     The Receiving Party will not transmit any Source Code Material in any way from the offices of the Producing Party's outside counsel;

s.     To the extent portions of Source Code Material are quoted in a Source Code Document, persons described in paragraph 6(h) above shall be

9

permitted to store and access such Source Code Documents on a computer and on a computer network that limits access to necessary viewers only.

7. Any person who accesses or otherwise learns of the substance of, in whole or in part, another party's DESIGNATED MATERIAL that is technical in nature and designated ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL") shall not participate in any Prosecution Activity (as defined below) involving any claim on a method, apparatus, or system directed to the design, manufacture or use of printers, scanners, fax machines, or multifunction devices that include print, scan, or fax functionalities, during the pendency of any of the Action and for two (2) years after its conclusion, including any appeals. "Prosecution Activity" shall mean: (a) advising or consulting about, assisting or participating in, or supervising the pre-grant preparation or prosecution of any patent application before the United States Patent and Trademark Office; (b) advising or consulting about, assisting or participating in, or supervising the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense on behalf of the Plaintiff or its acquirer, successor, predecessor, or Affiliate; or (c) advising or consulting about, assisting or participating in, or supervising the drafting or amending of claims or arguing for the patentability of amended or new claims. This patent prosecution bar does not prevent an attorney that receives HIGHLY SENSITIVE MATERIAL from participating in any post-grant proceedings involving the patents-in-suit, such as reexamination, *inter partes* review, or covered business method review proceedings, provided, however, that such attorney does not engage in any activity prohibited by subsection (c) above. This prosecution bar may not be applied to operate retroactively against any person based on their receipt of an inadvertently

mis-designated or undesignated document that is later corrected pursuant to paragraph 15 below.

8. An "Affiliate" of Plaintiff includes any principal of Plaintiff, any entity owned or co-owned by Plaintiff or one or more principals of Plaintiff, any person or entity that owns, co-owns, or is under common ownership with Plaintiff, and their successors and/or assigns.

9. Signed copies of all confidentiality undertakings executed pursuant to any provision of this Order shall be maintained by counsel for each Party who obtained those undertakings.

10. This Order shall not preclude counsel for the Parties from using any DESIGNATED MATERIAL during any deposition in the Action in which the DESIGNATED MATERIAL was disclosed, in accordance with the terms hereof, including the limitations set forth in Paragraphs 4, 5, and 6.

11. If depositions in the Action involve DESIGNATED MATERIAL, the portions of such depositions involving such DESIGNATED MATERIAL shall be taken with no one present during those portions of the examination relating in any way to such DESIGNATED MATERIAL except the deponent and the persons, attorneys, or experts permitted access pursuant to Paragraph 4, 5, or 6, as applicable, and the court reporter, absent written consent by the Producing Party permitting further disclosure.

12. The parties shall designate DESIGNATED MATERIAL as follows:

   (a) In the case of documents, interrogatory responses, and responses to requests for admission, the Producing Party shall make designations by placing an appropriate legend or designation on each page of any such document prior to production.

   (b) In the case of depositions, designation of any portions of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of such designation within thirty (30) days, via

11

email, facsimile, or overnight Federal Express, after the designating party receives a final copy of the transcript. During the period of time between the taking of the deposition and the end of the thirty day period referred to above, all transcripts, exhibits and the information contained therein shall be deemed to be ATTORNEY'S EYES ONLY in their entirety under the terms of this Order, unless otherwise designated by the designating party prior to the end of the thirty day period. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript in separate portions containing the non-confidential, CONFIDENTIAL, ATTORNEY'S EYES ONLY, and RESTRICTED CONFIDENTIAL SOURCE CODE material, and the reporter shall place an appropriate legend on the cover of each portion of the transcript. If the designation is made during the thirty days period referred to above, the non-confidential portions of such depositions shall be segregated from the other portions of the transcripts and an appropriate legend shall be placed on the cover of each portion of the transcript.

13. No party shall seek to introduce or file DESIGNATED MATERIAL, or any documents containing DESIGNATED MATERIAL or confidential information contained within DESIGNATED MATERIAL, in the public record of the Court without requesting that such material be treated in accordance with the terms of this Order and applicable local rules. To the extent any papers to be filed with the Court incorporate DESIGNATED MATERIAL, the Party filing such papers shall designate such materials, or portions thereof, as DESIGNATED MATERIAL and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

14. In the proposed pretrial conference order, the Parties shall propose procedures reasonably necessary to maintain the CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE status of any DESIGNATED MATERIAL to be used at trial.

15. A Party may also designate material produced by itself or another Party as CONFIDENTIAL or ATTORNEY'S EYES ONLY subsequent to production. However, any

Parties who received material not designated as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE shall have no liability for or with respect to any pre-designation dissemination of the Material. Inadvertent or unintentional production of Material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produced DESIGNATED MATERIAL without designating it as DESIGNATED MATERIAL may request the destruction or return of that DESIGNATED MATERIAL by notifying the recipient(s) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure and providing replacement DESIGNATED MATERIAL that is properly designated. The recipient(s) shall then destroy or return all copies of the inadvertently or unintentionally produced Material and any documents, information or material derived from or based thereon. The Receiving Party shall verify the return or destruction, upon the Producing Party's request. Further, notwithstanding this provision, outside litigation counsel of record and in-house counsel are not required to delete information that may reside on their respective electronic back-up systems that are over-written in the normal course of business.

16. The restrictions set forth in this Order shall not apply to information acquired on a non-confidential basis by the Receiving Party from a third party having the right to publicly disclose such information or material, or which becomes publicly known after the date of its transmission to the Receiving Party, provided that such information does not become known by any act or omissions of the Receiving Party, its employees or agents, which would be in violation of this Order. This Order also shall not apply to any information that: (a) is available to the public, other than through a breach of this Order or other duty of confidentiality; or (b) a Receiving Party

can demonstrate was already known to that Party prior to the time of disclosure and was not subject to conditions of confidentiality.

17. The Parties and others subject to this Order agree to negotiate in good faith regarding the designation of Material as CONFIDENTIAL, ATTORNEY'S EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE. In the event that a Party objects to the designation of Material, such Party shall notify the designating Party of this belief and explain the basis for its belief in writing via email or overnight Federal Express addressed to counsel for the designating Party. The designating Party, within ten (10) days of delivery of the notification referred to above, shall advise, via email or overnight Federal Express, whether it will consent to remove the objected to designation. If the designating Party does not consent to remove the designation within the ten-day period, a challenging Party may, at any time prior to trial, present the dispute to the Court for a determination that the Material is wrongly designated, with the party asserting the claim of confidentiality having the burden of proof. All DESIGNATED MATERIAL shall be treated in accordance with the designation unless and until the Court orders otherwise, or the designating Party consents.

18. <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's DESIGNATED MATERIAL pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

19. A Party who receives a subpoena or other request for production or disclosure of DESIGNATED MATERIAL from any third party shall not disclose any DESIGNATED

14

MATERIAL in response thereto without first providing written notice to the designating Party. The designating Party shall have fourteen (14) days to take such action as it deems appropriate to protect the confidential status of the DESIGNATED MATERIAL, including filing any necessary motions. If the designating Party files a motion for a protective order, the Receiving Party shall make no disclosure while the motion is pending. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's DESIGNATED MATERIAL in another case shall promptly notify that Party of the motion so that the Party may have an opportunity to appear in that case and be heard on whether that information should be disclosed.

20. Within sixty (60) days after the termination of this Action, including any appeals, counsel shall (i) destroy all Material designated by opposing counsel as CONFIDENTIAL, ATTORNEY'S EYES ONLY, and RESTRICTED CONFIDENTIAL SOURCE CODE, all copies thereof and all documents that contain such information and shall provide written certification of such destruction to the Producing Party, or (ii) return all such DESIGNATED MATERIAL to counsel for the Producing Party, except that to the extent such DESIGNATED MATERIAL is in electronic form which cannot be deleted, such DESIGNATED MATERIAL shall be maintained under the requirements of this Agreement. The Court shall retain jurisdiction over all persons subject to this Order for the limited purpose of enforcing such return and the continuing obligation of confidentiality imposed by this Order. Each Party's trial counsel shall have the right to retain documents constituting work product, a copy of the pleadings (including all as-filed docket items in the above-captioned action), deposition transcripts and deposition or trial exhibits.

21. The inadvertent production of any DESIGNATED MATERIAL during discovery in this Action shall be without prejudice to any claim that such material is privileged or protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil

Procedure and no party shall be held to have waived any rights by such inadvertent production. Any DESIGNATED MATERIAL so produced and subject to a claim of privilege or a claim of work product subsequently made shall immediately be returned to the Producing Party and/or expunged and in either event such material shall not be introduced into evidence in this proceeding or any other proceeding by any person without the consent of the Producing Party or by Order of the Court.

22. The production of DESIGNATED MATERIAL pursuant to this Order shall in no way constitute (a) a waiver of any right to object to the production or use of the same materials on other grounds; or (b) a general or limited waiver of the attorney-client, joint defense, work product or other privilege or legal protection. By signing this Order, a Party is not deemed to waive any objection to the production of any material. In addition, the election by any Party to disclose any portion of its confidential material to others shall itself not be deemed a waiver of any of the rights established by this Order.

23. Entering into this Order, producing or receiving documents, information or materials designated under this Order, not objecting to any designation under this Order, or otherwise complying with the terms of this Order shall not:

    (a) operate as an admission by any Party that any particular document, information or material designated under this Order contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

    (b) waive or prejudice in any way the rights of any Party to object to the production of documents, information or materials they consider not subject to discovery or to seek discovery regarding any documents, information or materials subject to this Order; waive or prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, information, materials, testimony or other evidence that is subject to this Order;

    (c) waive or prejudice in any way the rights of any Party to seek a determination by the Court whether any document, information or material should be subject to the terms of this Order;

    (d) waive or prejudice in any way the rights of any Party to petition the Court for a further protective order relating to any purportedly confidential information;

    (e) waive or prejudice in any way the rights of any Party to comment on this Action, so long as such comment does not reveal or disclose any document, information or materials in violation of this Order.

24. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed DESIGNATED MATERIAL to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the DESIGNATED MATERIAL, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreement, and (d) request such person or persons to execute the Exhibit A.

25. This Order has no effect upon, and shall not apply to, a Party's use of its own Materials for any purpose.

26. Nothing contained herein shall preclude any attorney from advising his or her client concerning the merits of the action so long as DESIGNATED MATERIAL of the other Party is not disclosed in violation of this Order.

27. Any non-party to the Action who shall make discovery or provide deposition or other testimony in the Action pursuant to subpoena or by agreement shall be entitled to avail itself of the provisions and protection of this Order.

28. Upon execution hereof, the Parties agree to be bound to the terms herein, and even before this Order is approved by the Court, it shall be effective as if approved.

29. This Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by order of this Court.

Respectfully submitted,

| | |
|---|---|
| */s/ Richard C. Weinblatt* | */s/ Andrew E. Russell* |
| Stamatios Stamoulis (No. 4606) | John W. Shaw (No. 3362) |
| Richard C. Weinblatt (No. 5080) | Jeffrey T. Castellano (No. 4837) |
| STAMOULIS & WEINBLATT LLC | Andrew E. Russell (No. 5382) |
| Two Fox Point Centre | SHAW KELLER LLP |
| 6 Denny Road, Suite 307 | I.M. Pei Building |
| Wilmington, DE 19809 | 1105 North Market Street, 12th Floor |
| (302) 999-1540 | Wilmington, DE 19801 |
| stamoulis@swdelaw.com | (302) 298-0700 |
| weinblatt@swdelaw.com | jshaw@shawkeller.com |
| *Attorneys for Plaintiff* | jcastellano@shawkeller.com |
| *Diversified Observation LLC* | arussell@shawkeller.com |
| | *Attorneys for Defendant* |
| | *Oki Data Americas, Inc.* |

Dated: August 13, 2018

SO ORDERED this _____ day of _____, 2018.

_____
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIVERSIFIED OBSERVATION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-1408-LPS-CJB |
| | ) |
| OKI DATA AMERICAS, INC., | ) |
| | ) |
| Defendant. | ) |

**EXHIBIT A:**
**UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

My current employer is _____.

My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of the action in which it is disclosed, any information designated as "CONFIDENTIAL," "ATTORNEY'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of the action in which it was disclosed, I will return all documents and things designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

I hereby submit to the jurisdiction of the U.S. District Court of the District of Delaware for the purpose of enforcement of the Protective Order and this undertaking.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____